UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80599-ROSENBERG/REINHART

114 EAST OCEAN LLC,

    Plaintiff,

v.

TOWN OF LANTANA, FLORIDA,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss at docket entry 9. Defendant argues for dismissal on the basis that Plaintiff has failed to state a claim for which relief may be granted. The Court has reviewed the Motion, Plaintiff's Response [DE 10], Defendant's Reply [DE 13], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is **GRANTED** and this case is **DISMISSED** for lack of subject matter jurisdiction.

    **I.**    **FACTUAL ALLEGATIONS & BACKGROUND**

Plaintiff 114 East Ocean LLC filed its Complaint for declaratory judgment in Florida state court on November 16, 2023. DE 1 ¶ 1. Defendant filed a motion to dismiss, and the state court granted that motion to dismiss without prejudice on April 1, 2024, on the grounds that the Complaint sought an advisory opinion. *Id.* ¶ 2. On April 30, 2024, Plaintiff filed an Amended Complaint, seeking both declaratory judgment and relief under 42 U.S.C. § 1983 for alleged violations of Plaintiff's First Amendment Rights. *Id.* ¶ 2. The allegations below are taken from the Amended Complaint and accepted as true for the purpose of this Motion.

Plaintiff is the owner of real property located at 114 East Ocean Avenue, Lantana, Florida 33462 (the "Property"). DE 1-2 ¶ 6.  Plaintiff installed on the Property a landscaping style called xeriscape. *Id.* ¶ 10.  Defendant Town of Lantana issued Plaintiff a citation in May 2023 for its use of xeriscape landscaping on the Property. *Id.* ¶ 2.  Plaintiff disagreed with The Town of Lantana's interpretation of the landscaping ordinance at issue and engaged counsel to dispute the violation and present a defense in court, while it engaged in repairs and remediation efforts. *Id.* ¶ 13.

Plaintiff alleges that it relied on the published statutory landscaping requirements of Defendant's Municipal Code Section 10.5-23 at the time, which expressly permitted, authorized, and encouraged the use of xeriscape design in landscaping. *Id.* ¶ 10.  Plaintiff also alleges that during the initial hearing for the alleged Section 10.5-23(a) landscaping violation, Defendant acknowledged that the Municipal Code encouraged and authorized the use of xeriscape landscaping. *Id.* ¶ 35.  However, during the appeals process, Plaintiff later learned that Defendant had revised the landscaping provision in May 2022 to use "Florida Friendly Landscaping Principles" instead of xeriscape. *Id.* ¶ 36.  Plaintiff initiated an open records request and discovered that the May 2022 revision to Section 10.5-23(a) was not updated on the Defendant's website or the MuniCode periodical until January 25, 2024. *Id.* ¶ 37.  Therefore, Plaintiff alleges it did not have reasonable notice of the Defendant's landscaping regulations. *Id.*

Plaintiff alleges that in response to its legal actions, Defendant began a targeted campaign of retaliatory and punitive citations on the Property for various alleged infractions unrelated to Plaintiff's use of xeriscape on the Property. *Id.* ¶ 16.  In the month following Plaintiff's dispute of Defendant's citation for Plaintiff's use of xeriscape landscaping, Plaintiff was issued four more citations. *Id.* ¶ 18.  In the approximately three years of its ownership, Plaintiff has received twelve

2

code enforcement citations for alleged infractions from Defendant. *Id.* ¶ 19. During those same three years, the other ten similarly situated properties on the same block have received significantly less citations. *Id.* ¶ 20. In comparison, during calendar year 2023, Plaintiff alone has received six citations for alleged code infractions allegedly without any distinguishable or legitimate factors to justify the different treatment. *Id.* ¶ 22. Plaintiff alleges that the discrepancy in enforcement clearly indicates that Defendant has engaged in a targeted campaign of government retaliation following Plaintiff's exercise of its constitutional rights to defend against improper fines, use of free speech, and its right to mount a defense to claims in courts. *Id.* ¶ 23. Plaintiff faces the separate imposition of fines and penalties of over $54,000 for the alleged improper use of xeriscape. *Id.* ¶ 39.

Plaintiff requests the that the Court provide the following declaratory relief under Chapter 86 of the Florida Statutes:

1. Declare that Defendant has engaged in an illegal scheme of retaliatory and punitive citations through its selective enforcement of its ordinances against citizens it deems to be outsiders;

2. Declare that Defendant failed to adequately and timely publish updated and current statutes to the detriment of Plaintiff;

3. Declare that Defendant's failure to adequately and timely publish current statutes affected Plaintiff's reliance when planning its landscaping design for the Property and its adequate defense during the code enforcement hearings.

Plaintiff seeks the following injunctive relief:

1. Enjoin Defendant from enforcing the retaliatory violations and issuing new additional retaliatory and arbitrary code citations;

2. Enjoin Defendant from enforcing any alleged code violations of Section 10.5-23(a) issued after May 23, 2022, through the date of actual publication and dissemination to the public on January 25, 2024;

3. Enjoin Defendant from entering Plaintiff's property express written permission during the pendency of this action.

3

Finally, Plaintiff seeks the following other relief:

1. Enter an order requiring The Town of Lantana to first address any alleged code violations with Plaintiff in an in person meeting at the property;

2. Enter an order requiring The Town of Lantana to provide Plaintiff and all affiliated Plaintiff parties, including tenants, workers, vendors, and other Plaintiff properties, with at least sixty (60) days to correct any alleged code violations on the subject property;

3. Enter an order requiring that The Town of Lantana resolve any alleged notices of violations in the Circuit Court and not in front of a Town appointed magistrate; and

4. Grant Plaintiff an award of costs, fees, and expenses, including reasonable attorney's fees, as well as any such other relief as this Court deems just and proper.

*Id.* ¶ 76.

Defendant removed this case to federal court on May 9, 2024. DE 1. On May 17, Defendant filed a Motion for Extension of Time to respond to the Amended Complaint, which the Court granted on May 21. DE 3, 4. On June 12, Defendant timely filed the instant Motion to Dismiss. DE 9. Plaintiff filed a Response on June 25. DE 10. Defendant filed, and the Court granted, a Motion for Extension of Time to Reply, and Defendant timely filed its Reply on July 9. DE 11-13.

## II.   LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff; however, a plaintiff is still obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). To survive, the complaint must contain "enough facts to state a claim to relief that is plausible on its

4

face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unwarranted deductions of fact in a complaint cannot be admitted as true for the purposes of testing the sufficiency of the allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Additionally, legal conclusions—including those couched as factual allegations—are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 678-79.

## III.  ANALYSIS

The Court addresses the federal claim first before turning to Plaintiff's state declaratory judgment claim.

### A.   *Count II: Section 1983 Claim*

Plaintiff's Amended Complaint alleges a Section 1983 action against a municipality, also known as a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Pursuant to *Monell*:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694 (explaining that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort"). To impose liability under Section 1983, a plaintiff must show: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to those

5

constitutional rights; and (3) the custom or policy caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

A custom is a practice that is so settled and permanent that it takes on the force of law. *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A policy is a decision that is officially adopted by the municipality or created by an official of such rank that he could be said to be acting on behalf of the municipality. *Id.* Generally, a plaintiff must establish a persistent and widespread practice to demonstrate a custom or policy; an isolated incident is not sufficient. *McDowell*, 392 F.3d at 1290. "To show a pattern, Plaintiffs must show other incidents involving factual situations that are substantially similar to the case at hand." *Bowe v. City of Hallandale Beach*, No. 16-CIV-60993, 2017 WL 5643304, at *5 (S.D. Fla. 2017); *see Mercado v. City of Orlando*, 407 F.3d 1152, 1161-62 (11th Cir. 2005) (holding that the district court did not abuse its discretion in dismissing a *Monell* claim where plaintiff could not show any cases involving factual situation substantially similar to the case at issue).

Additionally, a plaintiff must do more than to "simply allege than an official policy exists." *Rosario v. Miami-Dade Cnty.*, 490 F. Supp. 2d 1213, 1225 (S.D. Fla. 2007). Instead, a plaintiff's claim that a custom, policy, or practice exists must be plausible and not merely possible. *See Grider v. Cook*, No. 12-61429-CIV, 2012 WL 12888570 at *2 (S.D. Fla. Nov. 29, 2012) (adopting the magistrate judge's report and dismissing the *Monell* claim as none of the plaintiff's allegations rendered plausible the plaintiff's contention that the defendants acted in accordance with a custom, policy, or practice).

In its Motion, Defendant argues that Plaintiff has not met the second prong of *Monell* liability—that Defendant had a custom or policy that constituted deliberate indifference to

Plaintiff's constitutional rights. In its Amended Complaint, Plaintiff alleges that Defendant engaged in a retaliatory scheme of issuing citations to Plaintiff and that the Mayor "directly threatened Plaintiff's exercise of its First Amendment rights." DE 1-2 ¶ 68-70. However, several of Plaintiff's allegations are conclusory and therefore are not entitled to a presumption of truth. *See* DE 1-2 ¶ 16-18, 23-24. As to the non-conclusory factual allegations material to this claim, Plaintiff alleges that: (1) Plaintiff received four citations in the month following its dispute of Defendant's citation for xeriscape landscaping; (2) in 2023, Plaintiff received six citations for alleged code infractions, when only three other properties on the same block received any (five in total between those properties); (3) in the last three years, Plaintiff has received twelve citations, while "ten similarly situated properties on the same block" have received fewer (2, 5, 2, 8, 2, 3, 5, 4, 3, and 1 citations); (4) in the last three years, Defendant has cited four properties near Plaintiff for fines totaling $108,950 for minor threats; and (5) Defendant's incumbent mayor commented that Defendant intended to cite vacant lots on the Property's street with millions of dollars in fines so that Defendant could foreclose and flip them for development by locals, which Plaintiff interpreted as a "direct threat."

The facts alleged do not meet the high standard for *Monell* liability. The citations listed and one statement by the incumbent mayor do not demonstrate a policy that has been officially adopted by Defendant. Furthermore, the facts alleged do not demonstrate that Defendant had a custom of improperly issuing citations against Plaintiff—indeed, Plaintiff's facts support the proposition that Plaintiff was treated similarly to other businesses nearby, who *also* received citations from Defendant. Furthermore, insofar Plaintiff's Amended Complaint describes the citations as "retaliatory" or "targeted," these claims are conclusory and are not entitled to a

presumption of truth. Plaintiff has also not alleged any prior incidents with facts substantially similar to those at hand to prove a custom. Although Plaintiff attempts to show that Defendant customarily issues retaliatory citations, it does not provide any facts demonstrating that any other citations issued were without basis or motivated by retaliatory intent. Therefore, Plaintiff has failed to establish *Monell* liability. As this is fatal to Plaintiff's claim, the Court need not reach the other prongs of the *Monell* test or the elements of a Section 1983 First Amendment Retaliation claim. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Count II of the Amended Complaint.

      B.      *Count I: Declaratory Relief Under Chapter 86 of the Florida Statutes*

After a court dismisses the federal claims in an action, it has "the discretion either to continue to exercise supplemental jurisdiction over the state claims or to dismiss them." *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 865 (11th Cir. 2022). As Count II has been dismissed, no federal law claims remain. Additionally, the Court does not see a basis for diversity jurisdiction in this case. Therefore, the Court declines to continue to exercise supplemental jurisdiction over the state law claim in this case.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [DE 9], is **GRANTED** as to Count II.

2. The Court **DECLINES TO EXERCISE JURISDICTION** over Count I, the remaining state law claim, and this case shall be **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

8

3. The Clerk of Court is directed to **CLOSE THIS CASE**.

4. All deadlines are **TERMINATED**, and all motions are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of August, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record